**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re<br>Pablo Mejia,<br>Debtor<br><br>Pablo Mejia,<br>Movant<br><br>v.<br><br>Capital One, N.A., successor by merger to Discover Bank,<br>Respondent | Chapter 13<br><br>Case No. 5:26-bk-01630-MJC |

**DEBTOR'S MOTION TO AVOID LIEN OF CAPITAL ONE, N.A., SUCCESSOR BY MERGER TO DISCOVER BANK**

1. This motion is filed pursuant to 11 U.S.C. § 522(f) to avoid and cancel a judicial lien on real property that is used as Debtor's residence and which is located at 601 Hillside Dr., Hazle Township, Luzerne County, Pennsylvania ("the Property").

2. On or about June 4, 2025, Capital One, N.A., successor by merger to Discover Bank, ("Capital One") obtained a judicial lien on the Property. The lien was entered in Luzerne County at docket number 2025-06506 in the amount of $10,915.64.

3. Since the entry of the judgment, $555.42 has been collected from Debtor on account of the judgment through garnishment.

4. The Property has a value of $121,500.00.

5. The Property is encumbered by liens senior to Capital One's judicial lien in the total amount of $89,377.28, leaving $32,122.72 of equity in the Property.

6. Debtor has claimed an exemption in the Property in the amount of $31,575.00. The remaining $547.72 of Debtor's interest in the Property is not exempt.

7. The existence of Capital One's lien on the Property impairs exemptions to which the Debtor would be entitled under 11 U.S.C. § 522(b). The lien is avoidable under 11 U.S.C. § 522(f) to the extent that it exceeds $547.72, the unexempt portion of Debtor's interest in the Property, and it is not avoidable as to that $547.72.

8. Debtor's confirmed Chapter 13 plan provides, at § 2.D, that the $547.72 unavoidable portion of Capital One's claim is to be paid in full through the plan as a secured claim.

9. Debtor's confirmed Chapter 13 plan further provides, at § 9.B, that Capital One's claim is being partially avoided as impairing Debtor's exemption, that the balance of the claim is being paid in full, and that upon discharge Capital One shall no longer have any lien on any of Debtor's property.

10. Because the unexempt portion of Debtor's interest in the Property is being paid to Capital One through the plan, avoidance of the lien in its entirety should take effect upon Debtor's completion of all payments under the confirmed plan and the entry of a discharge pursuant to 11 U.S.C. § 1328(a).

11. Capital One's lien does not secure a debt for a domestic support obligation.

WHEREFORE, Debtor requests an Order avoiding Capital One's lien except as to $547.72, and providing that upon Debtor's completion of all payments under the confirmed plan and the entry of a discharge, the lien is avoided in its entirety and canceled.

Date: September 22, 2026

/s/ Carlo Sabatini

Carlo Sabatini, Attorney for Debtor
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769
Email ecf@bankruptcypa.com
Bar Number PA 83831

**CERTIFICATE OF USE OF GENERATIVE AI**

In accordance with the procedures of the Honorable Mark J. Conway governing the use of generative artificial intelligence, the undersigned discloses and certifies as follows:

1. The specific AI tool used: Anthropic's Claude (Claude Opus 5), accessed through the Claude desktop application.
2. The portions of the filing prepared by the AI program: The tool was used to edit drafts of the following documents filed today: the motion, the proposed order, and this certificate. The undersigned revised the draft before filing.
3. Verification of accuracy. A person has checked the accuracy of any portion of each document generated with the assistance of the AI tool, including all citations and legal authority.

Date: September 22, 2026

/s/ Carlo Sabatini

Carlo Sabatini, Attorney for Debtor
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769
Email ecf@bankruptcypa.com
Bar Number PA 83831