Exhibit A



# United States Bankruptcy Court
## Middle District of Pennsylvania

In re **Pablo Alberto Mejia** — Debtor(s)

Case No. ______

Chapter **13**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

☐ **FLAT FEE**

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | |
| Prior to the filing of this statement I have received | $ | |
| Balance Due | $ | |

☒ **RETAINER**

| | | |
|---|---|---|
| For legal services, I have agreed to accept and received a retainer of | $ | **2,995.00** |
| The undersigned shall bill against the retainer at an hourly rate of | $ | **415.00** |

[Or attach firm hourly rate schedule.] Debtor(s) have agreed to pay all Court approved fees and expenses exceeding the amount of the retainer.

2. The source of the compensation paid to me was:

☒ Debtor ☐ Other (specify):

3. The source of compensation to be paid to me is:

☒ Debtor ☐ Other (specify):

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. Subject to any applicable local rule or court order, in return for the above-disclosed fee, I have agreed to render legal service for the following aspects of the bankruptcy case, except as excluded in Section 6:

a. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
b. [List other services that counsel has agreed to provide]
**The above stated fee is a minimum fee. All work is performed at hourly rates. The current hourly rates are $415 -$310/hour for attorneys and $150/hour for paralegals. Rates may be changed at any time with written notice to client and generally are increased at the beginning of each calendar year.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**June 6, 2026**
*Date*

[signature]
**Carlo Sabatini**
*Signature of Attorney*
**Sabatini Law Firm, LLC**
**216 N Blakely St**
**Dunmore, PA 18512-1904**
**(570) 341-9000 Fax:**
**carlo@bankruptcypa.com**
*Name of law firm*

Software Copyright (c) 1996-2026 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

CHAPTER 13 BANKRUPTCY FEE AGREEMENT

1. SERVICES RETAINED FOR: Pablo Mejia (“Client”)

Client hires Sabatini Freeman, LLC (“Law Firm”) to provide bankruptcy legal services and to represent Client with respect to all debts allegedly owed by Client. Law Firm will not provide any other non-bankruptcy services to Client. The fees in this agreement are in addition to any fees charged under any earlier agreement between Client and Law Firm. For example, if Law Firm has represented Client with respect to collection communications, then the fees to be charged under this new agreement are in addition to any other fees already charged.

While providing bankruptcy legal services, Law Firm might identify various claims that Client holds and will list those claims on the bankruptcy schedules; however Law Firm will not represent Client with respect to these claims without a separate written agreement. One example is claims arising from unlawful collection communications.

This Agreement presumes that Client has provided Law Firm with accurate information about Client’s financial situation and that Client’s financial situation does not change before the bankruptcy case is filed. If Client’s financial situation changes (including property ownership interests, income or expenses) then Client may no longer qualify for a Chapter 13, or the below minimum fees may increase.

**Client’s bankruptcy case will not be filed until Client has done all of the following: (1) received credit counseling, (2) signed the bankruptcy petition, (3) paid the court-filing fee, (4) paid the up-front minimum attorney fee and (5) paid any additional attorney’s fees incurred in excess of the minimum fee as of the date of filing. Until the bankruptcy case is filed, creditors may continue action against Client, such as property sales or repossessions. If before the bankruptcy case is filed Client fails to make any payment on time, this file may be closed.**

2. COSTS. Client must pay the bankruptcy court’s filing fee that is in effect at the time that the case is filed. As of December 1, 2021, the court-filing fee for a Chapter 13 is $313. Client must also pay any expenses incurred by Law Firm including but not limited to other filing fees, transcripts, depositions, postage, photocopies, and bank fees incurred from returned checks. All of these costs are paid to Law Firm. Client must also pay for credit counseling and debtor education. Credit counseling and debtor education fees are not paid to Law Firm and total about $30.00.

3. ATTORNEY FEES. All time spent on this matter will be billed at the firm’s regular hourly rates. The hourly rates are presently $415 - $350/hour for attorneys and $150/hour for paralegals. Rates may be changed at any time with written notice to Client, and are generally increased at the beginning of each calendar year. Travel time is charged at the full hourly rates.

Law Firm will not begin preparing your bankruptcy case for filing until the entire Pre-Filing Payment to Law Firm has been paid (see page 3 of this agreement). The time spent preparing the case for filing can be substantial. It is possible that the Pre-Filing Payment to Law Firm will not be sufficient to cover all time spent preparing the case for filing. If that occurs, then Law Firm may require client to pay all unpaid attorney’s fees before Law Firm files the bankruptcy case.

After the bankruptcy case is filed, Client will not pay Law Firm any more attorney’s fees directly.

Instead, those fees will be paid indirectly using money that Client's Chapter 13 Plan requires Client to pay to the Chapter 13 Trustee. Client understands that the Chapter 13 Plan that Law Firm will propose to the Bankruptcy Court might not seek approval of the lowest payment that could possibly be approved. Instead, the amount that the Plan requires Client to pay to the trustee may be more than the minimum amount required by the bankruptcy laws. These additional funds will be available to pay attorney's fees to Law Firm. If some of these funds are not used to pay attorney's fees, they will likely be paid to your other creditors. Additionally, even after the plan has been approved, the payment that you make to the Chapter 13 Trustee may be increased if necessary to cover additional fees.

4. NON-BASIC SERVICES PERFORMED ON A CONTINGENCY BASIS: For cases alleging violations of the automatic stay, discharge injunction, or seeking recovery of preferences or turnover: Law Firm shall receive 33 and 1/3% of the gross recovery, if such amount is greater than the amount Law Firm would earn on an hourly basis. Otherwise, Law Firm shall be paid at hourly rates.

5. ATTORNEY'S LIEN FOR FEES. Law Firm shall have a lien for all accrued compensation and costs on any funds that Client has deposited with Law Firm or that are held by a third person (such as a trustee).

6. DIVORCE OR SEPARATION: Client agrees to notify Law Firm immediately of any separation or divorce or other dispute between spouses. Such a dispute may create a conflict of interest that would cause Law Firm to seek to terminate this agreement.

7. CONVERSION FROM CHAPTER 13 TO CHAPTER 7: $1,000 plus court fee.

8. CASE DISMISSAL: If the bankruptcy case is dismissed, Law Firm shall have the right to recover all funds in the possession of the Chapter 13 trustee that would otherwise be refunded to Client, up to the total fees and costs then due for the bankruptcy case. Client will then pay directly to Law Firm any remaining amounts still owing for attorney's fees.

9. TERMINATION: Client may terminate this agreement at any time. Law Firm may also terminate the agreement at any time, except that if Law Firm wishes to terminate the agreement after the bankruptcy case is filed, then Law Firm must first obtain permission from the bankruptcy court. If the agreement is terminated before a bankruptcy is filed or before a bankruptcy discharge is entered, Law Firm will be entitled to paid at the hourly rates for time spent. Six months after we close your file, we may destroy it without further notice to you, unless you make arrangements with us before that date to take your file.

10. AUTHORIZATIONS: Client authorizes Law Firm to (a) disclose Client's Social Security Number to third parties for the purpose of obtaining investigative searches on Client, which searches may disclose information governed by the Gramm-Leach-Bliley Act, (b) reject settlement offers received from unsecured creditors without advising Client of the offer, (c) dispose of mail addressed to Client (e.g. catalogs, applications for new credit cards, etc.) without forwarding that mail to Client, and (d) communicate with Client by text message to Client's cell phone.

11. GUARANTORS: If Law Firm provides services to only one of the persons signing below, then Client authorizes Law Firm to communicate with both signers. Each signer agrees to be fully liable for all fees that become due under this agreement (even if services are provided to only one person).

12. DISCLOSURES: Before the case is filed, Client will have to complete an electronic questionnaire and a paper questionnaire. Client will also have to provide Law Firm with certain documents. Client agrees to

complete the questionnaires within two weeks of when Client receives them, and to also provide all requested documents at the same time. Client also acknowledges that Client may have to disclose the bankruptcy case to Client's ex-spouse or separated spouse.

13. PAYMENT: The Pre-filing Payment to Law Firm is calculated as follows:

Court filing fee of $313.00, plus Minimum Attorney Fee of $2,995.00 for a total of $3,308.00.

Client paid $1,313.00. Client made this payment by using Law Firm's online portal at https://secure.lawpay.com/pages/sabatinilaw/trust and by entering at that portal the account information for a payment by eCheck. **Client must not attempt to use any credit card or debit card to make any payment to Law Firm.** Client's eCheck information will be saved in Law Firm's portal. Client authorizes Law Firm to use that information to enter a schedule for the automatic initiation of each payment on the following schedule:

Starting on September 29, 2023, client will make weekly payments of $50.00 until paid in full.

Client may choose to pay ahead of this schedule using the online portal. However, Client must contact Law Firm before making any advance payment and confirm that Law Firm has modified the payment schedule to eliminate any duplicate payments. Without such a notice, the payments that are scheduled will be automatically withdrawn. There is a $10.00 fee for each check returned for insufficient funds.

14. RIGHT TO CANCEL: **Within 7 days of signing this agreement, Client may cancel it by sending an email to ecf@bankruptcypa.com. If canceled within 7 days, then all amounts paid will be refunded to client. Refunds will be issued within 3 business days of cancellation.**

____________________________
Client 1